IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **ROBERT FREDERICK BRAGG,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **WV DEPARTMENT OF CORRECTIONS** ) <br> **AND REHABILITATION,** *et al.***,** ) <br> ) <br> **Defendants.** ) | **Civil Action No. 2:20-00577** |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), filed on September 2, 2020. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On September 2, 2020, Plaintiff, acting *pro se*, filed Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1) and Complaint seeking relief for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983 (Document No. 2).[1] In his Complaint, Plaintiff names the following as Defendants: (1) West Virginia Department of Corrections and Rehabilitation ("WVDOC"); (2) Betsy Jividen, Commissioner; and (3) PrimeCare. (Document No. 2.) Plaintiff alleges that Defendants subjected him to unconstitutional

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

conditions of confinement in violation of the Eighth Amendment. (Id.) Plaintiff alleges that he tested positive for COVID in August, 2020. (Id.) Plaintiff complains that he and other inmates were "isolated with no fresh air for over three (3) weeks." (Id.) Plaintiff further claims that he was "denied meds such as aspirin for major headaches." (Id.) Finally, Plaintiff complains that his parole hearing was rescheduled due to Plaintiff testing positive for COVID. (Id.) As relief, Plaintiff requests the following: (1) "To see the parole board or have [his] parole reinstated;" (2) "Clean air/a chance to go outside;" and (3) "Proper medical care." (Id.)

## STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A

complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **DISCUSSION**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison

3

inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Improper Parties:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The undersigned finds that the WVDOC is an improper defendant. It is well recognized that a Section 1983 claim must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983). In Will v. Michigan Dept. of State Police, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983". Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The holding in Will applies not only to suits against the State, but also to suits against "public entities and political subdivisions" that are an "arm or alter ego" of the State. Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)(citation omitted). It is well recognized that WVDOC is an arm of the State and is not a "person" within the meaning of Section 1983. See Rauch v. West Virginia Division of Corrections, 2014 WL 3732123 (S.D.W.Va. July 25, 2014)(J.

Copenhaver)(WVDOC is not a "person" for purpose of Section 1983); Berry v. Rubenstein, 2008 WL 1899907, * 2 (S.D.W.Va. April 25, 2008)(J. Faber)("WVDOC is an arm of the state and is therefore immune from suit under the Eleventh Amendment"); also see Lewis v. Western Regional Jail, 2012 WL 3670393, * 5 (S.D.W.Va. July 24, 2012)(finding that the Western Regional Jail was not a "person" subject to suit under Section 1983); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Furthermore, pursuant to the Eleventh Amendment, the power of the federal judiciary does not extend to suits by a citizen against his or her own state. Hans v. Louisiana, 134 U.S. 1, 9, 10 S.Ct. 504, 33 L.Ed. 842 (1980); also see Will, supra, 491 U.S. at 66, 109 S.Ct. at 2309 (Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Kinder v. PrimeCare Med., Inc., 2015 WL 1276748, * 2 (S.D.W.Va. March 19, 2015)(dismissing the Western Regional Jail based on Eleventh Amendment grounds). Accordingly, the undersigned finds that the WVDOC must be dismissed because it is not a "person" as required by Section 1983.

**2.      Exhaustion:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[2] Woodford v.

---

[2] 42 U.S.C. § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'") In Ross v. Blake, the Supreme Court set forth three scenarios where the administrative process is considered "unavailable": (1) The administrative process "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) The administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) The "administrator thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." Ross, 136 S.Ct. at 1859-60; also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d

6

523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

Similar to the PLRA, the West Virginia Prisoner Litigation Reform Act ("WVPLRA") requires an inmate to exhaust the agency's procedures before filing a civil action regarding an ordinary administrative remedy. W.Va. Code § 25-1A-2(c). An "ordinary administrative remedy" is defined as "a formal administrative process by which an inmate submits a grievance seeking redress and presenting concerns regarding any general or particular aspect of prison life which does not involve violence . . . An ordinary administrative remedy includes, but is not limited to, . . . staff treatment or some other alleged wrong." W. Va. Code § 25-1A-2(a). Exhaustion of an ordinary administrative remedy is satisfied upon a showing of the following:

> An ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director the Regional Jail Authority, or the Director's designee.

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983 or Bivens action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint

7

is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether

8

an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies). Although failure to exhaust available administrative remedies is an affirmative defense, it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921; Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that the administrative remedies were unavailable falls to plaintiff. See Washington v. Rounds, 223 F.Supp.3d 452, 459 (D.Md. 2016)(citing Graham v. Gentry, 413 Fed.Appx. 660, 663 (4th Cir. 2011)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, at * 3 (S.D.W.Va. 2017)(citing Drippe v. Tobelinski, 604 F.3d 778, 782 (3rd Cir. 2010)); Lee v. Willey, 789 F.3d 673, 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse v. Duncan, 741 Fed.Appx. 177, 178 (4th Cir. 2018)(citation omitted)("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") If a plaintiff fails to exhaust his or her administrative remedies under the PLRA or WVPLRA, then the defendant is entitled to judgment as a matter of law. See Legg v. Adkins, 2017 WL 72604, * 2 (S.D.W.Va. Feb. 23, 2017).

West Virginia Department of Corrections and Rehabilitation sets the uniform procedures for filing an inmate grievance. See W. Va. Code § 25-1A-2. If an inmate fails to fully comply with

9

the provisions of those rules, the inmate "shall not be considered to have taken full advantage of administrative remedies afforded him/her and therefore has not exhausted administrative remedies." Miller v. Rubenstein, 2018 WL 736044, * 5 (S.D.W.Va. Feb. 6, 2018)(citing Policy Directive 335.00). The procedure for filing a grievance is as follows:

> An inmate may file a grievance using forms provided by the prison "within fifteen (15) days of any occurrence that would cause him/her to file a grievance." Only one issue or complaint may be grieved per form, and the inmate must submit the form to his or her unit manager. Upon receipt of the grievance form, the unit manager logs the grievance and assigns it a number. The unit manager is required to return an answer to the grievance back to the inmate within five days. If the unit manager fails to answer or reject the grievance within five days, the inmate may treat the non-response as a denial and proceed to the next level of review. Appeals from the unit manager's response (or non-response, as the case may be) are submitted "to the Warden/Administrator within five (5) days from delivery of the response." "The Warden/Administrator shall respond to the appeal ... within five (5) days." Finally, if the warden's response is unsatisfactory, or if the warden does not respond within the applicable time, the inmate may appeal to the Commissioner of the Division of Corrections within five days of the warden's response or after the applicable time has passed. The Commissioner is allotted ten days to respond to the appeal.

Id. The administrative process is exhausted when the Commissioner responds to the inmate's final appeal or the time for such a response has expired. If a grievance has not been properly submitted through any level by an inmate, it shall be rejected. "Rejections do not constitute exhaustion. Remands are not final responses unless expressly stated in the decision." Hatcher v. Rubenstein, 2018 WL 6036433, * 9 (S.D.W.Va. Aug. 8, 2018), report and recommendation adopted by, 2018 WL 4628321 (S.D.W.Va. Sept. 27, 2018). Thus, the entire process takes approximately 30 days to complete.

In his Complaint, Plaintiff acknowledges that he did not fully exhaust his available administrative remedies. (Document No. 2, p. 3.) Plaintiff states that he "filled out a grievance and mailed it to the Major" and he is waiting on a response. (Id.) Thus, it is apparent from the face of the Complaint that Plaintiff failed to fully exhaust his administrative remedies prior to filing the

above action. See Custis, 851 F.3d. at 361; Banks, 694 Fed. Appx. at 160. Plaintiff acknowledges that he filed the above action after only taking one step in the administrative remedy process. As explained above, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. To the extent Plaintiff claims that he did not receive a timely response, it is clear from the face of Plaintiff's Complaint that he failed to consider any absence of a timely response as a denial and proceed to the next level. It is improper for Plaintiff to forego the administrative remedy process based on the lack of a timely response because the administrative process allows an inmate to proceed to the next level under such circumstances. Finally, there is no indication or allegation by Plaintiff that the administrative remedy process was unavailable. The undersigned, therefore, respectfully recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust his administrative remedies pursuant to the PLRA. Notwithstanding the foregoing, the undersigned will briefly consider Plaintiff's claims.

3. **Eighth Amendment:**

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441

11

U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety).

**(a)** *Conditions of Confinement.*

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and

absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [her] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

In his Complaint, Plaintiff appears to contend that the conditions of his confinement were cruel and unusual because he was confined to a cell with inadequate ventilation. (Document No. 2.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation

13

'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiff's complaint of being confined in a cell with inadequate ventilation is insufficient to state a constitutional violation. See Lopez v. Robinson, 914 F.2d 486, 491 (4th Cir. 1990)(finding conclusory claims of inadequate ventilation insufficient to state a viable Eighth Amendment claim); Futrell v. Cooper, 2021 WL 3199217, * 3 (W.D.N.C. July 28, 2021)(finding that plaintiff's claim of inadequate ventilation and failure by defendants to provide "the most optimal possible conditions of incarceration during the COVID-19 pandemic is insufficient to state a plausible" Eighth Amendment claim); Pickett v. Winston, 2020 WL 2814180, * 2 (W.D.Va May 29, 2020)(dismissing Eighth Amendment claim where plaintiff alleged prison had mold in the ceiling, ventilation, and showers); Smith v. Does, 2009 WL 305099, * 4 (S.D.W.Va. Feb. 6, 2009)(finding plaintiff failed to state a cognizable Eighth Amendment claim based upon allegations of inadequate ventilation, no desk or chair, inadequate space between beds, poor lighting, poor inmate hygiene, and lumpy mattresses); also see Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."). The conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380. The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent . . . conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. 2392; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 9, 112

S.Ct. 995, 117 L.Ed.2d 156 (1992)); Lopez, 914 F.2d at 490. Furthermore, Plaintiff fails to allege any injury resulting from the challenged condition. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.

  **(b)**  *Deliberate Indifference Regarding Medical Care.*

To state an Eighth Amendment deliberate indifference claim regarding medical care, a plaintiff must establish (1) the objective "deprivation of a basic human need' that is 'sufficiently serious,'" and (2) "that the officials acted with a sufficiently culpable state of mind." Mosko v. Hardee, 24 F.4th 289, 297 (4th Cir. 2022)(quoting De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013)). A medical need serious enough to give rise to an Eighth Amendment claim involves a condition which places an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain. See Hixson v. Moran, 1 F.4th 297, 302 (4th Cir. 2021)(quoting Iko, 535 F.3d at 241)(An objectively serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 *1st Cir. 1990)("A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."); Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978)(Conditions or delays that cause or perpetuate "excruciating" pain may be a serious medical need); Morales Felicciano v. Calderson

Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004)("A constitutional violation is . . . established when government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medication attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort, or a threat to good health.") The Fourth Circuit stated the applicable standard in Miltier v. Beorn, 896 F.2d 848, 851 - 852 (4th Cir. 1990), as follows:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. * * * Deliberate indifference may be demonstrated by either actual intent or reckless disregard. * * * A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. * * * Nevertheless, mere negligence or malpractice does not violate the eighth amendment. (Citations omitted)

Miltier v. Born, 896 F.2d 848, 851 - 52 (4th Cir. 1990)(recognized in Sharpe v. South Carolina Dept. of Corr., 621 Fed.Appx. 732, 733 (4th Cir. 2015) as overruled in part on other grounds by Farmer, 511 U.S. at 837, 114 S.Ct. 1970); See also Sosebee v. Murphy, 797 F.2d 179, 183 (4th Cir. 1986)(Facts indicating that guards were aware that inmate's condition had worsened and was life-threatening and intentionally ignored the situation and refused to seek medical assistance provided a reasonable basis for finding deliberate indifference to inmate's medical needs.); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980)(Pretrial detainee's allegations of delay in treatment of his broken arm indicated a reasonable basis for inferring deliberate indifference to his serious medical needs.); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975)(Summary judgment for defendants affirmed where claim that inmate received constitutionally inadequate medical treatment involved a question of medical judgment not subject to judicial review.) Therefore, Plaintiff must first allege and eventually establish a "sufficiently serious" deprivation of adequate medical care and resulting "serious or

significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim. Second, to establish the subjective component of deliberate indifference, Plaintiff must allege and prove each defendant's consciousness of the risk of harm to him. See Farmer, *supra*, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, *supra*, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware that he was receiving constitutionally inadequate medical care and disregarded the serious physical consequences.

PrimeCare is a contracted medical provider of the West Virginia Regional Jail and Correctional Facility Authority, which provides health care services to inmates in West Virginia's regional jails. West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998)(A private entity that contracts with the State to provide medical services acts "under color of state law."); also see Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W.Va. Sept. 27, 2007). Since PrimeCare is a contracted medical provider for a state agency, the deliberate indifference standard is applicable to the conduct of PrimeCare and its employees. Mullins v. Prime Care Medical, Inc., 2014 WL 1260378, * 9 (S.D.W.Va. March 27, 2014)(J. Johnston); also see Edwards v. State, 2002 WL 34364404, * 12 (S.D.W.Va. March 29, 2002)(J. Goodwin)("To state a case against PrimeCare, [plaintiff] must show that a policy or custom or ratification of a policy or custom and procedure by PrimeCare caused a constitutional

violation."); Kinder v. PrimeCare Medical, Inc., 2015 WL 1276748, *9 (S.D.W.Va. March 19, 2015). "[A] private corporation is liable under § 1983 *only* when the official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)(emphasis in original). A private corporation, however, cannot be held liable under the doctrine of *respondeat superior* for the individual actions of its employees. Id. at 727; see also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). To succeed, Plaintiff must show that the official charged acted personally in the deprivation of plaintiff's rights.

Liberally construing Plaintiff's Complaint, Plaintiff alleges that Commissioner Jividen and PrimeCare acted with deliberate indifference because Plaintiff was not provided with aspirin or other medication for his headaches. First, the undersigned finds that Plaintiff's claim of inadequate medical treatment for his headaches fails to allege a serious medical need for purposes of an Eighth Amendment claim. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990)(finding headaches, nausea and pains were not a "serious medical need" and denial of aspirin and antacid did not constitute a constitutional violation); Mahon v. Kilgore, 2018 WL 4655756, *10 (W.D.Va. Sept. 27, 2018)(finding that headaches related to eye strain were not a serious medical need); Hearne v. Baughman, 2017 WL 1079944, * 3 (E.D.Cal. March 21, 2017)("[T]he complaint's allegation that plaintiff suffered high blood pressure, dizziness and a headache only vaguely states a medical need, not a serious medical need."); Shelby v. Skrah, 2017 WL 1027043, * 2 (D.Or. Jan. 10, 2017)("Plaintiff's alleged medical need was a headache. While annoying and perhaps painful, it is not a serious medical need of constitutional proportion. There is a minimis level of imposition with which the Constitution is not concerned."); Allen v. Johnson, 2009 WL 102541, * 2 (W.D.N.C. Jan. 13, 2009)(finding that occasional heartburn, gas, and headache do not rise to the level of a serious medical need). Second, Plaintiff fails to set forth any allegations as to how Commissioner

Jividen and PrimeCare acted with deliberate indifference to Plaintiff's health and safety under a subjective standard. Specifically, Plaintiff's Complaint is void of any allegations describing how Commissioner Jividen or PrimeCare were personally involved in the denial of medication for his headaches. Plaintiff completely fails to allege facts from which one could plausibly infer that Commissioner Jividen or any employee of PrimeCare were deliberately indifferent to Plaintiff's medical needs. See Hixon, 1 4th at 302-03(quoting Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985))("Disagreements between an inmate and a physician over the inmate's proper medical care are not actionable absent exceptional circumstances.") Additionally, there is no allegation or indication that PrimeCare had an official policy or custom causing an alleged deprivation of federal rights. Accordingly, the undersigned finds that Plaintiff fails to state a plausible claim of deliberate indifference under the Eighth Amendment.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: March 21, 2023.

Omar J. Aboulhosn
United States Magistrate Judge